Dr. Stephen **EMBURY**, Plaintiff—Appellee,

v.

Dr. Talmadge E. **KING**, Jr., in his individual and official capacity; et al., Defendants—Appellants,

and

The Regents of the University of California, a public corporation, Defendant.

No. 04–15515.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 2, 2006.

Andrew Steinheimer, Esq., Bassi, Martini & Blum, San Francisco, CA, Andrew Thomas Sinclair, Esq., Sinclar Law Offices Rotunda Building, Oakland, CA, Fred M. Blum, Esq., Bassi Martini Edlin & Blum, LLP, San Francisco, CA, for Plaintiff–Appellee.

Kathy M. Banke, Esq., Paul D. Fogel, Esq., Reed Smith, LLP, Oakland, CA, Forrest E. Fang, Esq., Gary T. Lafayette, Esq., Susan T. Kumagai, Esq., Lafayette & Kumgai LLP, San Francisco, CA, for Defendants–Appellants.

Forrest E. Fang, Esq., Gary T. Lafayette, Esq., Susan T. Kumagai, Esq., Lafayette & Kumgai LLP, San Francisco, CA, for Defendant.

Before: SCHROEDER, Chief Judge, TROTT and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Dr. Talmadge King and other individually named defendants appeal the district court's denial of qualified immunity. Because we find that any property right that the plaintiff, Dr. Stephen Embury, might have had in his job was not clearly established, we reverse.

Dr. Embury argues that we have no jurisdiction to consider whether he has a property interest in his job for due process purposes. The district court found that there was a genuine issue of material fact and that Dr. Embury's evidence, if believed, could establish that he had a property interest in continued employment under California law. Thus, this Court would, under *Knox v. Southwest Airlines*,[1] lack jurisdiction to review that decision at this time.

■ Under the post-*Knox* decision in *Saucier v. Katz*,[2] we are nevertheless required to decide whether, under Dr. Embury's version of the facts, he had a property interest in his non-tenure position sufficient to trigger a full pre-termination hearing. He does not, for two reasons. First, he did not ask for a pre-termination hearing until just before Christmas and nine days before his position was to terminate, when anyone would expect many of the university officials who would need to participate to be gone for the holidays. Second, all of his papers, the regulations, and several years worth of communications to and from Dr. Embury made it crystal clear that the position would end on December 31 if he had not covered his expenses by obtaining outside funding. The "moral equivalent of tenure" remark from 1986 cannot establish a property interest in the face of all of these clear communications and regulations. *Adelson v. Regents*[3] does not command otherwise because (1) the funding was continued in *Adelson* and only the curriculum was changed;[4] (2) there was a hearing in *Adelson*, yet the chancellor made his deci-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997).

2. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

3. *See Adelson v. Regents*, 128 Cal.App.3d 891, 180 Cal.Rptr. 676 (1982).

4. *See id.* at 895, 180 Cal.Rptr. at 678.

sion without reading the transcript;[5] (3) the communications in *Adelson* (quite different from the communications to Dr. Embury regarding renewal of funding)[6] allowed for the conclusion that the professor did have "the equivalent of tenure" under *Perry v. Sindermann;*[7] and (4) the dean in *Adelson* improperly told the chancellor *ex parte* that there were no funds available.[8]

■ We review *de novo* whether a right is "clearly established"[9] and conclude that any property interest at issue was not so clearly established that the individually named defendants should have known that they were violating Dr. Embury's constitutional right to a hearing. The defendants are thus entitled to qualified immunity.

**REVERSED.**

**5.** *See id.*

**6.** See id. at 894, 180 Cal.Rptr. at 677 (communication "in writing" that Dr. Adelson would have the job for "whatever time you wish to be continued....").

**7.** *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

**8.** *See Adelson,* 180 Cal.Rptr. at 679.

**9.** *See Kwai Fun Wong v. United States,* 373 F.3d 952, 966 (9th Cir.2004).